# ROTHSTEIN LAW PLLC
**11 Park Place**
**Suite 1100**
**New York, New York 10007**
**(212) 577-9797**

**Member NY & NJ Bars**                                                                                   Fax (212) 577-9799

August 11, 2014

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Miguelina Calderon v. City of New York, et al.
               Southern District of New York
               14 CV 1082

Dear Judge Engelmayer:

      Defendants' request for a pre-motion conference is premature because of defense counsel's failure to comply with his discovery obligations pursuant to the § 1983 Plan. Defense counsel's letter to the Court is also disingenuous.

      Defendants served their Answer on May 9, 2014. Pursuant to the § 1983 Plan, defendants were obligated to provide discovery within 28 days of May 9. On July 15, 2014, defense counsel belatedly served documents Bates stamped Defendants 1 – 10. Within those pages is an Affidavit from a Detective seeking two new search warrants to correct an error in the originals (the County was listed as New York rather than the Bronx). The Affidavit also states that the Detective was relying on his original Affidavits as the basis for the warrants, which were appended to the new applications. However, despite my email request to defense counsel on July 17, 2014, he has not provided me with the appended documents and nothing in Defendants 1 – 10 addresses the alleged probable cause for the issuance of the search warrants, which were for 2 separate apartments, suggesting that the police did not know where their target resided.

      It was be unfair to allow the defendants to make a motion to dismiss that is based on Affidavits used to obtain the search warrants but not served in this case. Indeed, it would be difficult to understand how the defendants could establish a *prima facie* showing of entitlement to dismissal in the absence of those documents.

      The City's failure to serve the missing documents coupled with its decision to request a pre-motion conference even after my request for the documents raises the question of what they are attempting to hide.

ROTHSTEIN LAW PLLC

**Miguelina Calderon v. City of New York, et al.**
**14 CV 1082**
**August 11, 2014**
**2**

As set forth in the Complaint, a simple Google search revealed numerous similar cases where NYPD Officers obtained search warrants for the wrong apartment. Indeed, the City settled, and paid monetary settlements, in the following cases, all filed in Eastern District of New York:

      a.    *Rogers v. City of New York, et al.*, 03-cv-04510;

      b.    *Mack v. City of New York, et al.*, 03-cv-04506;

      c.    *Moreno & Nelson v. City of New York, et al.*, 12-cv-00226;

      d.    *Cobb v. City of New York, et al.*, 12-cv-00121;

      e.    *Bassey v. City of New York, et al.*, 12-cv-00123;

      f.    *Myrie v. City of New York, et al.*, 12-cv-00087;

      g.    *Clark v. City of New York., et al.*, 12-cv-00243.

      Given the City's failure to comply with its Court ordered discovery obligation, the Court should deny its request as premature and direct the City to provide the outstanding discovery.

      Very truly yours,

      **ROTHSTEIN LAW PLLC**

      _____/s/_____
By:    Eric E. Rothstein

cc:    New York City Law Department
      100 Church Street
      New York, New York 10007
      Via ECF