

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**OMAR J. SIDDIQI**
Assistant Corporation Counsel
E-mail: osiddiqi@law.nyc.gov
Phone: (212) 356-2381
Fax: (212) 788-9776

September 29, 2014

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Miguelina Calderon v. City of New York et al.</u>
            14 Civ. 1082 (PAE) (JCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. The parties submit this joint letter in response to the Court's Order dated September 19, 2014 to inform the Court of their positions regarding appropriate next steps in this litigation.

**BRIEF SUMMARY OF FACTS**

      Plaintiff alleges that on or about August 27, 2013, she was inside her apartment located at 275 East 201st Street Apt. 5F in Bronx County, New York, when defendant South and other unknown police officers searched her apartment pursuant to what plaintiff construes as a warrant obtained under false pretenses. Plaintiff alleges that she was confined while the warrant was being executed and that the individual who was the subject of the warrant lived in a different apartment. The police officers ultimately found the subject of the warrant in that apartment, where they found drugs and arrested him.

**RELEVANT PROCEDURAL HISTORY**

      On July 15, 2014, defendants produced an Affidavit in Support of Search Warrant to plaintiff. On August 11, 2014, defendants submitted a letter requesting a pre-motion conference with regard to their anticipated motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The basis for defendants' request was that plaintiff's unlawful detention claim and allegations that the underlying warrant was improper were insufficient to state a claim. Also on August 11, 2014, plaintiff's counsel submitted a letter to the Court opposing defendants' request, stating in sum and substance that defendants had not produced the original Affidavit in Support of Search Warrant and that it would be unfair to allow defendants to move pursuant to Rule 12(c)

when they had not produced this document. On August 19, 2014, the Court denied defendants' request without prejudice, and directed defendants to produce the original Affidavit that served as the factual basis for obtaining the search warrant to plaintiff.

On September 8, 2014, defendants produced the original Affidavit to plaintiff. This Affidavit sets forth the Confidential Informant and Defendant South's observations as they relate to the suspect's movements between apartments 5F and 5K at 275 E. 201st Street. On September 19, 2014, the Court directed the parties to confer by September 24, 2014, and thereafter submit their respective positions with regard to the future of this litigation to the Court by September 29, 2014.

**DEFENDANTS' POSITION REGARDING FUTURE LITIGATION**

Having conferred with plaintiff's counsel, defendants now respectfully renew their request for a pre-motion conference. The original Affidavits which have been produced show clearly the basis by which defendant Detective James South established probable cause to obtain the warrant to enter and search plaintiff's apartment. As stated in defendants' letter dated August 11, 2014, the basis for defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is that the facts alleged regarding plaintiff's unlawful detention claim and allegations that the underlying warrant was improper are insufficient to state a claim. For the reasons set forth herein, defendants request that the Court: (1) schedule a pre-motion conference, or, if it deems fit, set forth a briefing schedule for defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(c); and (2) remove this case from the § 1983 Plan.

**PLAINTIFF'S POSITION REGARDING FUTURE LITIGATION**

Defendants' search warrant application is based, in large measure, on the police allegedly observing their target twice enter and exit plaintiff's apartment. Plaintiff will testify that after moving into the apartment, approximately 13 months earlier, she installed her own lock and commercial alarm system monitored by ADT, both of which she used when she left the apartment. Thus, it would have been impossible for the target to gain entrance to plaintiff's apartment because he did not have the top lock key. In addition, he could not have gained access without triggering the alarm and ADT never notified plaintiff that her alarm had been tripped.

In addition, the warrant application shows that the police did not have precise information on where the target lived because the warrant sought permission to search 2 separate apartments. Despite this fact, the warrant application does not indicate that the police did a utility check to see in whose name the Con Ed bill was in (it was in plaintiff's name) or when the account was activated. Nor does the warrant indicate that the police reviewed the lease at the management company to see who rented the apartment (something I have seen done in many search warrant applications).

As set forth in the Complaint, a simple Google search revealed numerous similar cases where NYPD Officers obtained search warrants for the wrong apartment. Indeed, the City settled, and paid monetary settlements, in the following cases, all filed in Eastern District of New York:

a. Rogers v. City of New York, et al., 03-cv-04510;
b. Mack v. City of New York, et al., 03-cv-04506;
c. Moreno & Nelson v. City of New York, et al., 12-cv-00226;
d. Cobb v. City of New York, et al., 12-cv-00121;
e. Bassey v. City of New York, et al., 12-cv-00123;
f. Myrie v. City of New York, et al., 12-cv-00087;
g. Clark v. City of New York., et al., 12-cv-00243.

Given the above, questions of fact exist that cannot be resolved on a 12(c) motion and the Court should hold an Initial Conference to set up a discovery schedule.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Omar J. Siddiqi
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Eric Rothstein, *Attorney for Plaintiff* (By ECF)