UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MIGUELINA CALDERON,

                       Plaintiff,

        -v-

THE CITY OF NEW YORK, JAMES SOUTH, and
ALEXANDER SOSA,

                   Defendants.

------------------------------------------------------------------X

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 10/19/15 |

14 Civ. 1082 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On October 5, 2015, the Court issued an Opinion and Order, denying in part and granting in part defendants' motion to dismiss the Third Amended Complaint ("TAC"). *See* Dkt. 52 ("October 5 Decision"), *reported at Calderon v. City of New York*, No. 14 Civ. 1082 (PAE), 2015 WL 5802843, at *18 (S.D.N.Y. Oct. 5, 2015). Specifically, the Court declined to dismiss the federal (42 U.S.C. § 1983) and state-law claims of false arrest brought against police officers James South and Alexander Sosa; dismissed the municipal-liability claim against the City of New York ("the City") brought under § 1983; and dismissed all claims against the John and Jane Doe defendants. *Id.* In dismissing the § 1983 claim against the City, the Court also dismissed the City from the lawsuit, believing that that claim was the only one brought against the City. *Id.*

On October 5, 2015, plaintiff Miguelina Calderon moved for reconsideration, on the grounds that the TAC also sues the City for false arrest under state law, that the City may be held vicariously liable on that claim for the actions of South and Sosa under the doctrine of *respondeat superior*, and therefore that the City ought not have been dismissed entirely from this action. Dkt. 53. Calderon submitted a brief in support of this motion. Dkt. 54 ("Pl. Br."). On

October 13, 2015, defendants filed a brief in opposition.  Dkt. 56 ("Def. Br.").  Later that day, despite the Court's instruction that it did not invite a reply brief, *see* Dkt. 55, Calderon filed a short reply.  Dkt. 57.

The Court grants the motion for reconsideration, and holds that Calderon adequately pled her claim of false arrest under state law against the City.  The Court therefore reinstates the City as a defendant as to that claim.

## I.      Background

The Court assumes familiarity with the October 5 Decision, including its summary of the TAC.  Relevant here, as to the state-law false arrest claim, the TAC first "repeats, reiterates, and re-alleges each and every allegation contained in the preceding paragraphs."  TAC ¶ 98.  Among these were the allegations that South and Sosa were employed by the City, specifically by the New York City Police Department ("NYPD"), and were acting within the scope of employment when they engaged in allegedly unlawful conduct.  *See id.* ¶¶ 10–12, 14–16, 19.  In that claim, the TAC also speaks generally of "defendants," without specifying South, Sosa, the City, or the Doe defendants.  *See id.* ¶¶ 99–100.  Finally, in its prayer for relief on that claim, the TAC states: "[P]laintiff is entitled to compensatory damages, in an amount of not less than $1,000,000.00, as well as punitive damages against defendant, SOUTH, and the JOHN/JANE DOE defendants." *Id.* ¶ 102.  Identical language appears in the section of the TAC setting out allegations underlying the federal claim of false arrest, as to which vicarious municipal liability is not available.  *See id.* ¶ 85.

## II.     Legal Standards on a Motion for Reconsideration

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

2012) (citation omitted); *see also* S.D.N.Y Local Rule 6.3 (requiring the movant to "set[] forth

concisely the matters or controlling decisions which counsel believes the court has overlooked").

Such a motion is "neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have been previously advanced." *Associated

Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed.

Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013)

("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather,

reconsideration is appropriate "only when the [moving party] identifies an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d

99, 104 (2d Cir. 2013) (citation omitted).

## III.   Discussion

The motion for reconsideration requires the Court to address two questions:  Should the

state-law false arrest claim in the TAC be construed to name the City, as opposed to only the

individual defendants, as a defendant?  And, if so, does that claim state a claim against the City?

As to the first question, defendants argue that the TAC allegations recounted above

"cannot possibly be read as being against the City."  Def. Br. 2.  They argue that the TAC's

"esoteric reference to a vicarious liability claim" does not sufficiently plead a cause of action

against the City.  *Id.* at 3.

Defendants have a point:  the TAC is hardly a model of clarity.  In particular, the prayer

for relief—"plaintiff is entitled to compensatory damages . . . as well as punitive damages against

defendant, SOUTH, and the JOHN/JANE DOE defendants," *see* TAC ¶ 102—could be read as

praying for damages from South and the Doe defendants only. And, regrettably, Calderon's briefs in opposing defendants' successive motions to dismiss the Second Amended Complaint and now the TAC did not clarify that Calderon viewed the operative complaint as bringing state-law, as well as § 1983, claims against the City.

Nevertheless, having now been alerted to that issue, the Court holds that the TAC does bring a state-law claim of false arrest against the City. Although the TAC does not use the phrase "vicarious liability," it includes various allegations that are relevant only to such a claim, for example, that South and Sosa were city employees whose actions were within the scope of their employment. *See, e.g.*, TAC ¶¶ 10–12, 14–16, 19. The TAC's use of the overarching term "defendants" in that cause of action, as opposed to specifying "the individual defendants" or naming particular defendants, is also consistent with an intent to bring this claim against the City. *See id.* ¶¶ 99–100. And the prayer for relief, fairly read, seeks "compensatory damages" from *all* defendants, but punitive damages from only South and the Doe defendants. The alternative reading, under which damages of any sort would be sought solely from South and the Doe defendants, would exclude any claim for damages against Sosa, which is clearly inconsistent with the balance of the TAC. Therefore, although the TAC should have been more explicit on this point, it is ultimately apparent that the TAC pursues compensatory damages from the City under a theory of *respondeat superior* on the state-law false arrest claim.

As to the second question, the state-law false arrest claim against the City states a claim, and therefore should not be dismissed. Although vicarious liability is unavailable against government defendants under § 1983, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), under New York law a municipality may be held vicariously liable for the torts of its employees. *See Jenkins v. City of New York*, 478 F.3d 76, 95 n.21 (2d Cir. 2007); *Collins v. City of New York*,

923 F. Supp. 2d 462, 480 (E.D.N.Y. 2013); *Greenfield v. City of New York*, No. 99 Civ. 2330 (AJP), 2000 WL 124992, at *10 (S.D.N.Y. Feb. 3, 2000). And the City may be vicariously liable for the torts of NYPD officers acting within the scope of their employment. *See, e.g.*, *Jenkins*, 478 F.3d at 95 n.21; *Corson v. City of New York*, 736 N.Y.S.2d 71, 73 (2d Dep't 2002).

Defendants argue that when a plaintiff "has alternate claims available both at common law and under a federal statute such as Section 1983, her state constitutional tort claim is precluded." Def. Br. 2. But Calderon has not brought a constitutional tort claim. Rather, as a case defendants cite makes clear, the false-arrest cause of action is a common-law one. *See Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (noting that "plaintiff has a remedy *at common law* for false arrest/false imprisonment") (emphasis added); *see also Broughton v. State*, 37 N.Y.2d 451, 456 (1975) ("The action for false imprisonment is derived from the ancient common-law action of trespass . . . ."). Although underlying legal concepts like probable cause and reasonableness are relevant to both constitutional-tort claims and common-law claims like false arrest, and although such claims can arise from the same facts, these two areas of law are distinct. *See, e.g.*, *Lyles v. State*, 770 N.Y.S.2d 81, 82 (2d Dep't 2003) (dismissing constitutional-tort claims for unreasonable search and seizure under U.S. and New York Constitutions "because the alleged wrongs could have been redressed by an alternative remedy, namely, timely interposed common-law tort claims for [*inter alia*] . . . false imprisonment"). Contrary to defendants' argument, common-law claims like false arrest may be brought against municipal as well as individual defendants (the former under a theory of *respondeat superior*). *See, e.g.*, *Williams v. City of White Plains*, 718 F. Supp. 2d 374, 382 (S.D.N.Y. 2010) (denying summary judgment for individual officers and the city on a state law claim of assault and battery).

Finally, the facts alleged here adequately plead vicarious liability. The TAC pleads, for example, that South and Sosa were acting within the scope of their employment at all relevant points. Under New York law, a plaintiff must establish that the individual employee was acting "in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities." *Perez v. City of New York*, No. 94 Civ. 2061 (DLC), 1996 WL 103836, at *2 (S.D.N.Y. Mar. 8, 1996) (*citing Lundberg v. State*, 25 N.Y.2d 467, 470 (1969)). A police officer swearing out a search warrant affidavit—the key act here—clearly acts in furtherance of his employment duties, and his employer clearly could exercise some control over that activity.

In light of this analysis, Calderon's motion for reconsideration must be granted. Without repeating old arguments or making new ones, Calderon pointed the Court to controlling law as to vicarious liability, and to aspects of the TAC that the Court initially overlooked. While the standard for reconsideration is strict, it is met in this case.

## CONCLUSION

For the foregoing reasons, Calderon's motion for reconsideration is granted. The City of New York is reinstated as a defendant to the state-law claim of false arrest.

The Clerk is directed to terminate the motion pending at Dkt. 53. The parties are directed to file a joint letter with the Court by November 2, 2015 proposing next steps in this litigation.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 19, 2015
New York, New York